# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. BOBBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-105 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| JEFFERY MCKAY, DEAN SLICER, | ) | Magistrate Judge Lisa Pupo Lenihan |
| LAURA EATON, KEVIN NOEL, VA | ) | |
| SECRETARY MCDONALD, and | ) | ECF Nos. 31, 35 |
| FIRST NATIONAL BANK, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Court grant the Motions to Dismiss filed by First National Bank, ECF No. 31, and Kevin Noel, ECF No. 35.

### II. REPORT

**A. BACKGROUND**

**1. Introduction**

Pending before the Court are the Motions to Dismiss (ECF Nos. 31 and 35) filed, respectively, by First National Bank ("FNB"), and by Kevin Noel on behalf of Disabled American Veterans ("DAV") (*collectively*, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants request that this Court dismiss all claims against them which are contained in the November 10, 2015 Amended Complaint (ECF No. 29) filed *pro se* by William L. Bobbert ("Plaintiff"). Plaintiff advances claims under the United States Constitution and

various federal statutes. This Court exercises subject-matter jurisdiction over Plaintiffs' claims pursuant 28 U.S.C. § 1331 (federal question jurisdiction).

### 2. Procedural and Factual Background

Plaintiff is a United States military veteran receiving disability benefits from the Department of Veterans Affairs ("VA"). (ECF Nos. 8 at 2 – 3; 29 at 1 – 6). Plaintiff had executed a power of attorney naming Amy Beck as his attorney-in-fact, and Ms. Beck handled Plaintiff's financial affairs. (*Id.*). The VA ultimately determined that Plaintiff was not competent to handle his benefits, and appointed a fiduciary to take over benefits management, instead of Ms. Beck. (*Id.*). Plaintiff objected to the VA's decision and filed the present action in this Court on May 19, 2015. (*Id.*).

Plaintiff thereafter filed an Amended Complaint (ECF No. 29) on November 10, 2015. Plaintiff included claims for violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 1 – 6). Plaintiff also asserted a variety of other claims, including violations of the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), and the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104 – 191, 110 Stat. 1936 ("HIPAA"). (*Id.*). In response, FNB filed its Motion to Dismiss and accompanying brief (ECF Nos. 31 and 32) on November 23, 2015. Mr. Noel and the DAV followed with a Motion to Dismiss and accompanying brief (ECF Nos. 35 and 36) on November 23, 2015. The time period for filing a reply having closed, the matter is now ripe for disposition.

### B. ANALYSIS

#### 1. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of a claim, and show that the pleader is entitled to relief. Dismissal of a

2

complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F. 3d at 213 (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of...facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F. 3d at 234 (quoting *Twombly*, 550 U.S. at 555 – 56). Additionally, when a Plaintiff proceeds *pro se*, the Court must interpret his or her pleadings liberally. *Rhett v. N.J. State Super. Ct.*, 260 F.App'x 513, 515 (3d Cir. 2008) (citing *Erikson v.*

3

*Pardus*, 551 U.S. 89, 94 (2007)) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F. 3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F. 3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## 2. Discussion

Plaintiff's pleadings link Defendants to his claims via a few, isolated statements. First, in violation of the Privacy Act and HIPAA, Plaintiff alleges that the VA "shared confidential information with other agencies [sic] the bank." (ECF No. 29 at 2). Plaintiff fails to specify what evidence was shared with FNB, or for what purpose evidence was shared, but goes on to note that FNB "entered [sic] contract without my permission [sic] used information obtained in violation of multiple laws." (*Id.* at 4). Thereafter, "FNB did upon receipt of a letter seize money without process due and enter an illegal contract." (*Id.* at 4).

It is presumed that Plaintiff is referring to an agreement of some sort between the VA and FNB with respect to setting up an account for the fiduciary appointed for the management of Plaintiff's disability benefits. However, Plaintiff makes no other explicit references to actions allegedly taken by FNB which either violated Plaintiff's constitutional rights or contravened pertinent federal laws or regulations. "'[A] complaint should set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.''" *Itiowe v. Trentonian*,

4

620 F.App'x 65, 68 (3d Cir. 2015) (quoting *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Presently, Plaintiff provides the Court with nothing more than broad, unsubstantiated accusations against FNB, and blanket assertions of entitlement to relief. Even when liberally construed and viewed in the light most favorable to Plaintiff, the factually inadequate pleadings hamper the Court's effort at making out any reasonable reading of the Amended Complaint which could plausibly state a claim for relief against FNB. *Id.* As such, all claims against FNB contained in Plaintiff's Amended Complaint must be dismissed.

Similarly, Plaintiff claims that Mr. Noel and the DAV "failed to help fight for any benefits or provide legal aid (as promised)." (ECF No. 29 at 3). However, Plaintiff fails to explain what – if any – legal duty was owed to Plaintiff by Mr. Noel or the DAV, or how Mr. Noel or the DAV's conduct violated his constitutional rights or pertinent federal laws or regulations. As previously noted, Plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Itiowe*, 620 F.App'x at 68 (quoting *Iqbal*, 566 U.S. at 678). Plaintiff's failure to articulate any factual basis for a cause of action, beyond what is quoted, above, compels dismissal of all claims against Mr. Noel and the DAV in Plaintiff's Amended Complaint.

## C. CONCLUSION

Based upon the foregoing, the Court respectfully recommends that Defendants' Motions to Dismiss (ECF No. 31 and 35) be granted, and Plaintiff's Amended Complaint (ECF No. 29) be dismissed. The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint— regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote

Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Therefore, it is further recommended that, to the extent Plaintiff determines that he can remedy the deficiencies identified herein, he be given a deadline to file an Amended Complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
United States Magistrate Judge

Dated: February 23, 2016

Cc: **WILLIAM L. BOBBERT**
LU7095
55 WEST BOTTLE HILL ROAD
GROVE CITY, PA 16127