IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. BOBBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:15-cv-105 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| JEFFERY MCKAY, DEAN SLICER, | ) | Magistrate Judge Lisa Pupo Lenihan |
| LAURA EATON, KEVIN NOEL, VA | ) | |
| SECRETARY MCDONALD, and | ) | |
| FIRST NATIONAL BANK, | ) | Electronic Filing |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Court grant the Motion to Dismiss filed by the United States on behalf of Defendants Jeffery McKay and Dean Slicer.

### II. REPORT

**A. BACKGROUND**

**1. Introduction**

Pending before the Court is the Motion to Dismiss (ECF No. 48) filed by the United States on behalf of Jeffrey McKay, Dean Slicer, and the Secretary of the Department of Veterans Affairs ("VA") (*collectively*, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Defendants request that this Court dismiss all claims against them which are contained in the November 10, 2015 Amended Complaint (ECF No. 29) filed *pro se* by William L. Bobbert ("Plaintiff"). Plaintiff advances claims under the United States Constitution and

various federal statutes. This Court exercises subject-matter jurisdiction over Plaintiffs' claims pursuant 28 U.S.C. § 1331 (federal question jurisdiction).

### 2. Procedural and Factual Background

Plaintiff is a United States military veteran receiving disability benefits from the VA. (ECF Nos. 8 at 2 – 3; 29 at 1 – 6). Plaintiff had executed a power of attorney naming Amy Beck as his attorney-in-fact, and Ms. Beck handled Plaintiff's financial affairs. (*Id.*). The VA ultimately determined that Plaintiff was not competent to handle his benefits, and appointed a fiduciary to take over benefits management, instead of Ms. Beck. (*Id.*). Plaintiff objected to the VA's decision and filed the present action in this Court on May 19, 2015. (*Id.*).

Plaintiff thereafter filed an Amended Complaint (ECF No. 29) on November 10, 2015. Plaintiff included claims for violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 1 – 6). Plaintiff also asserted a variety of other claims, including violations of the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), and the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104 – 191, 110 Stat. 1936 ("HIPAA"). (*Id.*). In response, on February 26, 2016, the United States filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedures 12(b)(1) and 12(b)(6), and accompanying brief (ECF Nos. 48 and 49). Plaintiff was ordered to file a response no later than March 21, 2016 (ECF No. 50). No response has been received and the matter is now ripe for disposition.

### B. ANALYSIS

#### 1. Standard of Review

"A motion to dismiss for want of standing is…properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757

F. 3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F. 3d 806, 810 (3d Cir. 2007)). Whether such a motion is a "facial" or "factual" attack on standing determines how the pleadings are to be reviewed. *Id.* at 357 – 58 (citing *In re Schering Plough Corp. Intron*, 678 F. 3d 235, 243 (3d Cir. 2012)).

A facial attack considers only "a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the courts" due to some jurisdictional defect. *Id.* at 358. This type of attack occurs prior to the filing of an answer or a challenge to the factual allegations of a complaint. *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 889 – 92 (3d Cir. 1977)). A factual attack concerns "the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (quoting *CNA v. United States*, 535 F. 3d 132, 139 (3d Cir. 2008)). A defendant's challenge must go to the actual facts supporting a claim, "not merely how those facts were pled." *U.S. ex rel. Atkinson v. PA Shipbuilding Co.*, 473 F. 3d 506, 514 (3d Cir. 2007).

Given that there is no factual attack in the present case, the court will "only consider the allegations of the complaint and documents referenced therein and attached thereto…in the light most favorable" to Plaintiff. *Id.* (citing *In re Schering*, 678 F. 3d at 243). Because Plaintiff is preceding *pro se*, the court will liberally interpret Plaintiff's complaint and supplemental filings. *Rhett v. N.J. State Super. Ct.*, 260 F. App'x 513, 515 (3d Cir. 2008) (citing *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Additionally, dismissal of a complaint or portion of a complaint is warranted under Rule 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide

"enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the nonmoving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F. 3d at 213 (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of . . . facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F. 3d at 234 (citing *Twombly*, 550 U.S. at 555 – 56). As with a motion filed pursuant to Rule 12(b)(1), in the case of a motion to dismiss a *pro se* plaintiff's claim filed pursuant to Rule 12(b)(6), the court must liberally interpret the plaintiff's pleadings. *Rhett*, 260 F. App'x at 515. Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and

a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F. 3d at 231 – 32 (citing *Twombly*, 550 U.S. at 554 – 56). Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F. 3d at 211 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**2. Discussion**

Defendants first argue that while Plaintiff alleges that the Federal Defendants violated his constitutional rights, he fails to allege any personal involvement by Defendants McKay or Slicer. Plaintiff's Amended Complaint makes no reference to Mr. Slicer or the Secretary of the VA with any degree of specificity. "'[A] complaint should set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" *Itiowe v. Trentonian*, 620 F.App'x 65, 68 (3d Cir. 2015) (quoting *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Plaintiff's Amended Complaint utterly fails to meet the above standard with respect to Mr. Slicer and the Secretary of the VA. Plaintiff claims that Mr. McKay deprived him of control over his finances and his ability to make discretionary purchases. (ECF No. 29 at 3). Plaintiff also asserts that Mr. McKay prohibited Ms. Beck from managing his VA benefits. (*Id.*). Nonetheless, Plaintiff has not articulated by what means Mr. McKay allegedly achieved the above results, or how Mr. McKay's conduct violated Plaintiff's constitutional rights or pertinent federal laws or regulations.

Plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Itiowe*, 620 F.App'x at 68 (quoting *Iqbal*, 566 U.S. at 678). Plaintiff provides the Court with nothing more than broad, unsubstantiated accusations against Defendants, and blanket assertions of entitlement to relief. Even when liberally construed and

viewed in the light most favorable to Plaintiff, the factually inadequate pleadings hamper the Court's effort at making out any reasonable reading of the Amended Complaint which could plausibly state a claim for relief against Mr. McKay, Mr. Slicer, and the Secretary of the VA.

To the extent that Plaintiff's Amended Complaint is an attempt to challenge his disability benefits determination, the Court notes that the Veterans Judicial Review Act limits the procedures for judicial review of VA decisions. *Fleming v. Veterans Admin. Med. Ctrs.*, 348 F.App'x 737, 738 (3d Cir. 2009). Plaintiff must first seek review of his disability determination with the Board of Veterans Appeals. *Id.* Then, he may appeal again to the United States Court of Appeals for Veterans Claims, which has exclusive jurisdiction. *Id.* The United States District Court for the Western District of Pennsylvania does not have subject matter jurisdiction over such a claim.[1]

## C. CONCLUSION

Based upon the foregoing, the Court respectfully recommends that Defendants' Motion to Dismiss (ECF No. 48) be granted, and Plaintiff's Amended Complaint (ECF No. 29) be dismissed. To the extent Plaintiff determines that he can remedy the deficiencies identified herein, it is recommended that Plaintiff be allowed to file a second amended complaint, and that said second amended complaint be filed within the deadline established by the District Judge in her order on this Report and Recommendation. However, if Plaintiff fails to file a timely second amended complaint, this Court recommends that this action be dismissed in its entirety with prejudice, without further notice to Plaintiff. If Plaintiff does not desire to file a second amended complaint, then he may file a Notice with the Court indicating his intent to stand on the

---

[1] The Court also notes that although the VA initially determined that Plaintiff was incompetent, on December 3, 2015, the VA filed a notice advising Plaintiff that he had been deemed competent to handle the disbursement of his VA funds. *See Bobbert v. McKay; Dept. of Veterans Affairs*, Case No. 13-1479, ECF Nos. 30, 35 (W.D. Pa.).

6

Amended Complaint (ECF No. 29), at which time an order to dismiss the action in its entirety with prejudice will be entered.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: May 18, 2016                                      BY THE COURT:

                                                                             LISA PUPO LENIHAN
                                                                             United States Magistrate Judge

cc:    William L. Bobbert, *Pro Se*
        LU7095
        55 West Bottle Hill Road
        Grove City, PA 16127
        *Via U.S. First Class Mail*

        All counsel of record
        *Via CM/ECF Electronic Mail*